LOREN A. GALLUP, TRUSTEE, *vs.* ALBERT N. FOX.

Second Judicial District, Norwich, May Term, 1894. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

It is not within the province of a jury " to find " what appears on a record, or what a record discloses. When a record is offered in evidence and laid before the jury, it is the duty of the court to state to the jury what such record proves, and what their duty is in respect to the facts so proved.

While the record of a court of probate is only *prima facie* evidence of jurisdictional facts, its judgment of any material fact upon which it adjudicates imports absolute verity, as fully as does the judgment of a court of general jurisdiction.

The retention by a trustee in insolvency of a note given by the vendee of personal property claimed to have been purchased by him in good faith of the insolvent prior to the commencement of insolvency proceedings, is not, as matter of law, a ratification of such sale operating to estop the trustee from maintaining a suit for the recovery of the property, or its value, for the benefit of the creditors. Such retention, unexplained, might be evidence upon which a jury would be justified in finding an intent to ratify, but it would not of itself be a ratification.

Whether a trustee in insolvency has power to ratify a contract made by the insolvent, in such a way as to bind creditors, *quære*.

[Argued May 29th—decided July 9th, 1894.]

ACTION to recover damages for the wrongful taking and conversion of a horse, wagon and harness, by the defendant; brought to the Court of Common Pleas for New London County and tried to the jury before *Crump, J.;* verdict and judgment for the defendant, and appeal by the plaintiff for alleged errors in the rulings and charge of the court. The

plaintiff also filed a written motion for a new trial upon the ground that the verdict was against the evidence, and requested the court to report the evidence to the Supreme Court of Errors and make it a part of the record. With this request the trial court complied. *Error and new trial granted.*

The case is sufficiently stated in the opinion.

*Donald G. Perkins*, for the appellant (plaintiff).

*Solomon Lucas*, with whom was *Charles W. Comstock*, for the appellee (defendant).

ANDREWS, C. J.   This was a complaint in the nature of an action of trover, brought to the Court of Common Pleas in New London County by the plaintiff describing himself to be the trustee in insolvency on the estate of one Almon Bartlett, and claiming to recover the value of a horse, wagon and harness which had belonged to said Bartlett.

There were two defenses : the general issue, and a denial that the plaintiff was at the time the suit was commenced, or ever since had been, the trustee of the said insolvent estate ; and had as such no right to bring or maintain this action.   The case was tried to the jury and the defendant had a verdict.

To prove his appointment as trustee the plaintiff laid in the record of the court of probate in the district of Montville, where the said Bartlett resided, and claimed that it appeared thereon that said Bartlett had been by that court decreed to be an insolvent debtor and that he, the plaintiff, had been appointed the trustee of his estate ; and that he had come into said court, accepted the trust, and given bond for the faithful performance of his duty.   This record showed that there had been some amendments made in it, and the defendant objected to its admission in evidence, but the court admitted it and it was read to the jury.

Under the general issue the defendant offered evidence and claimed to have proved that he purchased said personal property *bona fide* of the said Bartlett through one Pen-

harlow, his agent, before the proceedings in the court of probate were commenced upon which the said decree of insolvency was made and the plaintiff appointed trustee, and in payment therefor surrendered a note which he held against the said Bartlett; and also evidence to show that the plaintiff had, subsequent to his said appointment, ratified said sale by Penharlow to him, the defendant. The main fact, and substantially the only one upon which this claim was made, was that the plaintiff had not returned to the defendant the note of said Bartlett.

In the instructions to the jury upon each of these points we think the trial court erred. In respect to the record of the court of probate the jury was instructed as follows:—

" In the case at bar justice Gallup testifies that the amendments to the record were made in accordance with the facts actually found; so if you shall find that upon the records of July 30th and March 17th, amended as they are, it appears that Almon F. Bartlett was decreed to be an insolvent, and that Loren A. Gallup was appointed trustee of his insolvent estate; and further, by the records of said court in said case, that he gave bonds and duly qualified as trustee, you have nothing further to consider about the legality of his appointment. If these records disclose that he was appointed such trustee, he was entitled to the custody of Bartlett's estate for the purpose of distributing it among his creditors in accordance with the intention of the statutes, and so far qualified to maintain this suit."

The record of the Montville court of probate is set out at length in the record before us, and it appears therefrom by an inspection that the plaintiff had been appointed trustee on the insolvent estate of said Bartlett. It is true that the record of a court of probate or of any other inferior court, is only *prima facie* evidence of jurisdictional facts; but of any material facts upon which it adjudicates, its judgment imports absolute verity, as fully as does the judgment of a court of general jurisdiction. *Bell* v. *Raymond*, 18 Conn., 100; *Holcomb* v. *Cornish*, 8 Conn., 375. The material fact adjudicated by the court of probate, as shown by its record, was

that the plaintiff had been appointed the trustee on the insolvent estate of said Bartlett. That fact appeared on the face of the record and the Court of Common Pleas should have told the jury that they must take that fact as proved. *Commercial National Bank's Appeal from Probate*, 59 Conn., 25. It is not within the province of a jury "to find" what appears on a record, or what a record discloses. When a record is offered in evidence and admitted and laid before the jury it is the duty of the court to state to them what it proves and their duty in respect to the facts so proved.

On the claim of ratification the judge said to the jury :—

"It is evident, I think, that the plaintiff could not both retain the note and sue for the recovery of the value of the property. He must make his election, or, at least, must tender back the note before he begins suit. If he chose to retain the note and not to offer to return it to the defendant, he so far ratified the transfer as to be estopped from denying its validity now. So, that, if you should find that the note which Bartlett gave to the defendant as evidence of his indebtedness, and which he claims to have given to Penharlow in consideration for the transfer of the property in question, was given as such consideration, and came into the hands of the plaintiff as trustee of Bartlett's estate, and was not offered to be surrendered to the defendant before this suit was begun, then you should render your verdict for the defendant." ·

After considering the case for a short time the jury returned into court and asked for further instructions on this part of the case, as it was not clear to them, and the judge further instructed them in this way :—

"As to the question of ratification and the offer to return the note, my charge to you was, that if the plaintiff retained the consideration for this alleged contract ; in other words, if he kept the note and made no offer to return it whatever before this suit was brought, and then went on to bring the suit, that, as a matter of law, would so far operate as an estoppel as to prevent him from maintaining the suit. I may say this to you, however, that if there is any evidence—and you

will remember the conversation testified to by Mr. Perkins as to the demand for the return of the property and also Mr. Gallup's conversation with the plaintiff about the return of the property—by which it appears to your minds that there was any offer to return this note at the same time that the property was demanded—the horse, wagon and harness —and there was a refusal on the part of the defendant to give up the property, then you should bring in a verdict for the plaintiff. That, of course, gentlemen, is a fact for you to find from the evidence before you, whether there was any such ratification or not. If, however, it appears to your minds that there was no offer to return the note—that the demand for the property was not accompanied by an offer to return the note—then as a matter of law I charge you that the trustee had so far ratified the transfer as to be unable in law to maintain the suit."

This we think was error because it took from the jury a question which clearly it was for them to decide. It is a very serious question whether a trustee in insolvency, acting not in his own right but in behalf of the creditors of the estate, has power to ratify a contract made by the insolvent, in such a way that the creditors will be bound. But assuming that the plaintiff in this case had the fullest power to ratify, the retention of the note was not as a *matter of law* a ratification of the sale for which the note was given up. Ordinarily, ratification like a contract, includes within it an intention. An indispensable element of a contract is a meeting of the minds upon the subject of the contract. A ratification is the adoption of a previously formed contract. *Stanton* v. *Eastern R. R. Co.*, 59 Conn., 284. The retention of the note unexplained might be evidence from which the jury would be justified in finding the intent to ratify. But it would be no more than evidence. It would not of itself be a ratification. It would be open to explanation. In this case there were circumstances of explanation. The plaintiff claimed that instead of ratifying the sale he had expressly repudiated it. The jury should have been told to consider the fact of the retention of the note in connection with the

other circumstances of the case and from all the facts taken together to find whether or not the plaintiff had ratified the sale.

There is error and a new trial must be granted.

In this opinion the other judges concurred.