ELLICE HUMISTON *vs.* EDWARD M. PRESTON ET AL.

First Judicial District, Hartford, October Term, 1895. ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

Where the question of the delivery of a deed depends upon the intent with
which a certain act is performed, the question is one of fact, and the
decision of the trial court thereon is not subject to review by this court
on appeal.

The recording of a deed by the grantor and its delivery to a third person to
hold for him until a specified event, which never happened, is not a
delivery to the grantee named in the deed; and under such circum-
stances, a delivery by the third person to the grantee, after the maker's
death, is ineffectual to vest any title in the grantee.

[Submitted on briefs October 2d—decided November 1st, 1895.]

ACTION to foreclose a mortgage of real estate, brought to
the Superior Court in Hartford County, and tried to the
court, *Thayer, J.;* facts found and judgment rendered for
the defendants upon their cross-complaint, and appeal by the
plaintiff for alleged errors in the rulings of the court. *No
error.*

The case is sufficiently stated in the opinion.

*Albert P. Bradstreet, Frank W. Etheridge, Daniel F. Web-
ster* and *John O'Neill,* for the appellant (plaintiff).

I. The mortgage deed and note were delivered. They
were placed in the hands of Mr. Taft to hold until Jan. 1st,
1887, at which time he intended to have said papers deliv-
ered with a check for five hundred dollars, if he was able to
raise the money. He placed the deed on record with the
intent that it should pass the title, and this of itself consti-
tutes a legal delivery; even though the grantee was not
present, and gave no previous authority nor any subsequent
express assent to it. *Moore* v. *Giles,* 49 Conn., 570. The
court expressly finds that Mr. Preston *executed* the mortgage
deed in question. That very finding includes as a necessary
and essential incident, the delivery of the instrument. *Colee*
v. *Colee,* 122 Ind., 109.

Signing and acknowledging a deed and placing it upon record, is deemed to evince an unmistakable intention on the part of the grantor to give the deed effect and to pass the title to the grantee. *Colee* v. *Colee, supra; Weber* v. *Cristen*, 121 Ill., 91 ; *Burke* v. *Adams*, 80 Mo., 504; *Tobin* v. *Bass*, 85 id., 654. This presumption is stronger in favor of the delivery of deeds in cases of voluntary settlements, than in ordinary cases of bargain and sale. *Walker* v. *Walker*, 42 Ill., 311.

Very clear proof ought to be produced to warrant a court in holding that a man who has signed and acknowledged a deed and caused it to be recorded, did not mean thereby to part with his title. *Tobin* v. *Bass, supra; Standifore* v. *Standifore*, 97 Mo., 231 ; *Stevens* v. *Stevens*, 150 Mass., 557 ; *Moore* v. *Giles, supra; Maynard* v. *Magnard*, 10 Mass., 456 ; *Sneathen* v. *Sneathen*, 104 Mo., 201.

II. If the trial court comes to a wrong conclusion, or draws an erroneous inference from the facts found, the Supreme Court will review the facts, correct the conclusion, and draw the proper inference. *Brady* v. *Barnes*, 42 Conn., 512 ; *Bennett* v. *Bennett*, 43 id., 319 ; *Schoonmaker* v. *Machine Co.*, 51 id., 387 ; *Nolan* v. *R. R.*, 53 id., 475 ; *Conn. Humane Soc. Appeal*, 61 id., 465, 474 ; *Hayden* v. *Allyn*, 55 id., 289 ; *Ward* v. *Ward*, 59 id., 197.

*Theodore M. Maltbie*, for the appellees (defendants).

I. It is evident that the mortgage was intended as a gift. As such, it would be invalid, even if delivered. The note is a promise to make a gift in the future, and the gift would not be completed until the note was paid. It could be revoked at any time, and death would revoke it. *Simpson Centenary College* v. *Tuttle*, 71 Iowa, 596 ; *Williams* v. *Forbes*, 114 Ill., 167 ; *Blanchard* v. *Williams*, 70 id., 647 ; *Gerry* v. *Howe*, 130 Mass., 350.

An indebtedness is indispensable to the validity of a mortgage ; and whatever may be the amount expressed, the only sum for which a mortgage can be enforced is the actual indebtedness. *Hannum* v. *Hannum*, 123 Mass., 441 ; *Freeland*

v. *Freeland*, 102 id., 475; *Wearse* v. *Pierce*, 24 Pick., 141; *Dickinson* v. *Gunn*, 12 Allen, 544.

II. The delivery and acceptance of the mortgage was essential to its validity. *Merrills* v. *Swift*, 18 Conn., 257; *Moore* v. *Giles*, 49 id., 570; *Goodwin* v. *Keney*, ibid., 563; *Porter* v. *Woodhouse*, 59 id., 568. In the present case, the plaintiff had no knowledge of the existence of the mortgage until after the death of the maker, so that there could have been no actual delivery, and there could have been no acceptance.

The rule is that unless the delivery is an open and continuing one, the deed cannot be accepted by the grantee at a subsequent time. A grantee's acceptance is presumed only when he is aware of the conveyance and it is beneficial to him. *Hawkes* v. *Pike*, 105 Mass., 560; *Samson* v. *Thornton*, 3 Met., 275; *Maynard* v. *Maynard*, 10 Mass., 455.

With the maker exercising full control of the note and deed, and no intent upon his part to make a delivery of them until modified and changed by him, not a single element of a constructive delivery has been presented. *White* v. *Bailey*, 14 Conn., 270.

FENN, J. The complaint in this action claimed the foreclosure of a certain mortgage therein described, and also possession of the mortgaged premises. The answer admitted possession of the premises by the defendants, but alleged that the mortgage note described in the complaint was without consideration, and that said note and mortgage were never delivered to the plaintiff.

The facts, as found by the trial court, are as follows: On October 27th, 1886, Eli D. Preston made and executed an instrument in writing, in these words: "Unionville, Conn., October 27th, 1886. For value received, I promise to pay to Ellice Preston, three thousand dollars, provided she lives as hereinafter specified, $500 payable on the first day of January, 1887, and $500 on the first day of January of each year until the said sum of three thousand dollars shall be paid without interest. In case the said Ellice Preston should not live to

receive the full amount of this note, then, whatever payments are unpaid shall be paid to Fannie Dailey, Addie Ranous, Mary Branon, Edward, Charles, Elisha, Susan, and Maud Preston, my grandchildren, children of my son Edward Preston. E. D. Preston."

The person named in said instrument as Ellice Preston, was said Eli D. Preston's daughter-in-law, the plaintiff in this suit. On the same day, to secure said note, said Eli D. Preston executed a mortgage deed to said Ellice Preston, of certain real estate, being the subject-matter of this controversy,. and situated in Farmington, in this State. Immediately after executing said instruments he placed the same in the hands of George E. Taft of Unionville, an attorney at law, who had been employed to draft the same, with instructions to hold the same for him until January 1st, 1887, at which time, if he was able to raise the money, he intended, and told said Taft that he intended, to have said papers, with a check of $500 as the first payment thereon, delivered by said Taft to the plaintiff. On December 20th, 1886, said Taft instructed said Eli D. Preston that said deed ought to be recorded, and that he was unwilling to hold the same longer unless it should be recorded, and thereupon said Preston, or said Taft by his direction, caused the same to be recorded in the land records of said town of Farmington. On January 1st, 1887, said Eli D. Preston was unable to raise $500, and said Taft, at his request, continued to hold said papers until such time as said Preston could pay said $500, without further instructions relative thereto. On the       day of March, 1887, said Eli D. Preston died insolvent. The plaintiff had no knowledge of the existence of said note and mortgage, until after the death of Mr. Preston. Shortly after his death said note and mortgage were delivered to her by said Taft. There was no consideration for said note except as hereafter stated. After the death of said Preston's son, husband of the plaintiff, she, at the request of said Preston, resided with him for several years, taking care of his house, caring for his wife in her sickness, and also keeping his books, receiving no pay therefor except

her board and sufficient money to pay for her clothing, and a little pin money. At the time of the aforesaid request he promised her, if she remained with him, to make it right in his will. She remained with him until her health failed, when she left him. This was several years before his death. Their relations continued pleasant. By his will, made a few months prior to the date of the deed in question, and unrevoked at his death, he made the plaintiff a bequest of $3,000, with a priviso that it should be void if she presented any claim against his estate. They had never agreed upon any sum to be paid for her services, but he told her frequently that he considered himself indebted to her, and after making his will told her that he had made it and had provided for her therein. The note is wholly unpaid. At the time of making the note and mortgage to the plaintiff, said Preston conveyed the land therein described (which was a small lot with his dwelling-house thereon), together with other land, to Esther Preston, another daughter-in law and her children, Charles, Elisha, Susan and Maud, reserving to himself the life use thereof. Said deed was also left with said Taft, and was subsequently delivered by him to the grantees therein, but when, did not appear. Said last-named conveyance was subject to the said mortgage to the plaintiff, as expressed in said deed. Said Esther and her children, except Charles, are now in possession of the premises described in said mortgage deed. The plaintiff claimed that said note was a valid note, and that said mortgage was duly delivered and was a valid mortgage. The court found and held that said note and mortgage were never delivered to the plaintiff by said Eli D. Preston, and were invalid, and that said mortgage constituted a cloud upon the defendants' title, and rendered judgment in favor of the defendants.

The plaintiff's sole reason of appeal is that "the court erred in finding, from the facts stated and set forth in the finding, that the note and mortgage were never delivered to the plaintiff by said Eli D. Preston; that they were invalid, and that said mortgage constituted a cloud upon the defendants' title."

In *Moore* v. *Giles*, 49 Conn., 570, 573, this court said : "It is essential to the validity of a deed that it should be delivered by the grantor and accepted by the grantee. * * * Proof only that the plaintiff recorded the deed is not conclusive against him. The legal effect of that act depends upon the intent with which he performed it; and that is purely a question of fact." The finding of the court below upon such a question would seem, therefore, not to be subject to review by this court.

But if we treat the finding made, that the note and mortgage were never delivered to the plaintiff by said Eli D. Preston, as a conclusion based upon subordinate facts recited, and subject to review, we are unable to see how the plaintiff's contention that there is error in such conclusion, can be supported. It is claimed that the recording of the deed constituted delivery. But this, as stated in *Moore* v. *Giles*, *supra*, depends entirely upon the intent with which the act is done by the maker, and that is purely a question of fact. If we may not supply a fact not found, by the presumption that the court below decided as it did because it considered that it was not the maker's intention to pass title by the record, we surely are not at liberty to infer that the court below found that it was the maker's intent to do so, or to so find ourselves.

Again, it is claimed that the deed was delivered to the attorney Taft, to hold for the plaintiff, and that this constituted a good delivery to the plaintiff herself. Doubtless this would be the effect if such were the fact found, but this is not the case. The finding is that Eli D. Preston delivered the note and mortgage to Taft to hold for himself, not for the plaintiff, and there is nothing in the record to indicate that Taft was ever authorized to hold them for any other person or purpose ; and that they were to be so held only until the happening of a specified event. But this never occurred.

Finally, the delivery by Taft to the plaintiff, after the death of Eli D. Preston, was of no validity ; for unless Taft, either actually or constructively, held the papers for the plain-

tiff, so that the delivery to him might be held a delivery to her, effectual in the lifetime of the maker, as in *Belden* v. *Carter*, 4 Day, 66, there could be no delivery after the maker's death.

There is no error.

In this opinion the other judges concurred.