## ALICE E. EVARTS ET ALS. vs. IRVING JOHNSON.

Third Judicial District, Bridgeport, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In an action in the nature of trespass qu. cl. fr., the question whether the parties in interest had accepted and acquiesced in an illegal or void distribution of the land, with reference to which the evidence is conflicting, is one of fact for the determination of the jury.
In the present case the defendant claimed that the attempted distribu-

tion of 1866, relied upon by the plaintiffs, was void, but that, if valid, he had acquired title to the *locus* by the adverse possession of those under whom he claimed followed by his own; and called a witness who testified that about 1869 he built a fence upon the south line of the disputed tract, in consequence of a conversation he had with one who, he was told, was one of the 1866 distributors. To this evidence the plaintiffs objected generally, but in this court insisted, for the first time, that the testimony was inadmissible because the jury might have drawn the inference that the line of fence was intended to accord with the distribution. *Held* that inasmuch as the distribution line was concededly ninety feet north of that fence, it was not conceivable the jury should have drawn the inference claimed; and, furthermore, if the fact that the fence was built in consequence of a conversation with such distributor, was inadmissible against the plaintiffs' objection, the evidence thereof was harmless and afforded them no ground for a retrial.

The case of *Ward* v. *Ives*, 75 Conn. 598, distinguished.

Argued November 6th—decided December 2d, 1914.

ACTION in the nature of trespass *qu. cl. fr.* to determine the title to a strip of land about two acres in extent, brought to the Court of Common Pleas in New Haven County and tried to the jury before *Simpson, J.;* verdict and judgment for the defendant, from which the plaintiff Alice E. Evarts appealed. *No error.*

*Ward Church,* for the appellant (plaintiff Alice E. Evarts).

*George E. Beers* and *James J. Palmer,* for the appellee (defendant).

THAYER, J. The plaintiffs claimed title to the land in dispute as widow and heirs at law of Edward W. Evarts, who, as they claimed, acquired it in 1866 under a distribution then made of the estate of his father, Joel Evarts, who died in 1840, leaving a widow and seven children. It was undisputed upon the trial that the land in controversy was a part of a tract of eleven acres which belonged to Joel Evarts at the time of his

death; that he left a widow and seven children, of whom Edward W. was one; and that the plaintiffs are the heirs at law of Edward W. Evarts and owners of the disputed tract if it belonged to him at the time of his death. It was also not disputed that after the death of Joel Evarts, and prior to 1866, one of his children had died, one of them had gone west and has never since been heard from; that two of the others had conveyed to said Edward W. their shares in their father's estate; and that the widow of Joel Evarts died about 1866. It appeared from the records of the Court of Probate of Madison, which had jurisdiction of the settlement of Joel Evarts' estate, laid in evidence by the defendant and not controverted, that in 1841 a distribution was made of said Joel Evarts' estate, by which the house and barn standing upon the eleven acres above mentioned, and also a piece of land lying southerly of the house-lot and containing four and three quarters acres, were set to the widow for dower, and the remainder of the tract. was distributed to the seven children by name "to each an equal undivided . . . seventh part." It was admitted that a distribution of the estate of Joel Evarts was attempted to be made by the Court of Probate in 1866, after the widow's death, in which the entire eleven-acre tract purported to be distributed to Edward W. Evarts and two of his sisters, Maria Johnson and Mrs. Gould, wife of Charles Gould, in severalty. It was not questioned upon the trial that the portion thus attempted to be distributed to Edward W. Evarts included the land in dispute.

The defendant's claims were that the attempted distribution was void, and that, if valid, the title to the disputed land had become vested in him by the adverse possession of himself and his mother, Maria Johnson, through whom he claimed. The plaintiffs claimed that the distribution of 1866 was valid, and

that, if not valid, all parties in interest acquiesced in it and are bound by it, and that the defendant and his predecessors have not acquired title to it by adverse possession.

The court charged the jury, in effect, that unless they should find that the parties in interest acquiesced in the distribution of 1866 it was of no validity and was not binding upon them, but if they accepted that distribution and acquiesced in it with knowledge of its terms, they would be bound by it and by the division of the land therein made. The plaintiffs except to this portion of the charge, the ground of their exception being that the charge leaves it to the jury to decide whether or not the distribution had been accepted by the parties, when it should have instructed them that it had been accepted.

Whether the parties accepted and acquiesced in the distribution was evidently a question of fact for the jury to determine from the evidence. The plaintiffs had introduced in evidence a deed from Elias Gould and Elizabeth C. Gould to Maria Johnson, describing the lot conveyed as lying north of land of Edward W. Evarts, and as being "the land set to said Elizabeth C. Gould from estate of Joel Evarts." It purported to have been executed on January 7th, 1869, and recorded in March, 1869. If the jury were satisfied that this deed was executed by the Mrs. Gould described in the distribution as wife of Charles Gould, and that it was delivered to and accepted by the Maria Johnson who was another distributee under that distribution, it would be strong evidence of an acquiescence in that distribution by those parties, and the jury were told so by the court. The record does not show that these facts were admitted, and if not, it was for the jury to consider the evidence and determine them. There was other evidence bearing upon the question of acquies-

cence. The defendant claimed that Maria Johnson and her successors had for more than forty years continuously occupied the premises in dispute, had cultivated them, fenced them, paid the taxes which were levied against them, and cut firewood thereon with the full knowledge of Edward W. Evarts until his death, and of his successors, afterward, under claim of right. Possession by Mrs. Johnson with knowledge of Edward W. Evarts until his death in 1905 was admitted by the plaintiffs, but it was claimed that it was by his permission. These claimed facts would have a bearing upon the question whether there had been an acquiescence in the distribution. If the facts were as claimed by the defendant, they tended to show no acquiescence; if as claimed by the plaintiffs, they tended to show acquiescence. From the facts appearing on the record, the court would not have been warranted in instructing the jury, as matter of law, that there had been an acquiescence in the distribution, and was right in leaving it to the jury to determine from all the evidence whether an acquiescence had been proved.

The case is to be distinguished from *Ward* v. *Ives*, 75 Conn. 598, 54 Atl. 730. In that case all parties were agreed that after the death of the widow of Henry Ives the portion of his estate which had been set to her as dower had been distributed to his grandchildren, his three children and heirs at law having died after his, and prior to the widow's, death. The question was whether Mr. Stevens, husband of a daughter of Henry Ives and administrator of her estate, was accountable for the rents of real estate set to his daughter (Mabel I. Stevens) by that distribution, it being stated in the distribution that it was subject to an estate by the curtesy in her father, Mr. Stevens. He claimed these rents belonged to him as tenant by the curtesy. The case was tried to the court, who found the facts and

ruled that the daughter, upon the facts found, was not estopped to deny that her father was entitled to an estate by the curtesy in the land in question. This court held that ruling to be wrong. In that case the trial court was called upon to find the facts and to apply the law to the facts found. In the present case the court was called upon to state to the jury the law applicable to claimed facts, should they find these facts proven. This it did, and there was no error in the instruction which was given.

The remaining assignments of error relate to testimony given by Edward L. Johnson, son of Maria Johnson, that he built a fence about 1869 upon the south line of the disputed tract, after and in consequence of a conversation with one Hull, who, he had heard, was one of the distributors who had made the 1866 distribution. No ground was stated for the objection at the time it was made. It is now claimed that it was inadmissible, because the jury may have drawn the inference that the line of fence was intended to be in accordance with the distribution. But upon the trial the defendant did not dispute the claim of the plaintiffs, that the distribution fixed the north line of the Edward W. Evarts land ninety feet north of this fence, which was the disputed line. This appears in the charge, where the jury were distinctly so told. This branch of the case turned upon the question of the validity of the distribution, and, as already noticed, the jury were told that it was invalid, unless the parties had agreed to or acquiesced in it, and that this was a question of fact for them. It is not conceivable that under these circumstances the jury would draw the inference claimed.

The testimony was offered apparently in support of the defendant's claim of adverse possession. It was admissible to show that while occupying the disputed

tract, as claimed, Mrs. Johnson caused this fence to be erected. The fact that it was erected in consequence of something said by one of the distributors, it being conceded that the distribution line was ninety feet north of the fence, would seem to make for the plaintiffs rather than the defendant. If it was erected in consequence of something said by a stranger, and not because Mrs. Johnson was claiming to that line, the effect of the fact of the building the fence was lessened as supporting the defendant's contention. Evidence of the building of the fence and the time when it was built by the witness was admissible as showing the line to which and the time during which it was claimed possession had been held. If the fact that the fence was built in consequence of a conversation with Hull was not admissible as against the plaintiffs' objection, evidence of the fact was harmless to them and affords no ground for a new trial.

There is no error.

In this opinion the other judges concurred.