MICHAEL McDERMOTT vs. MARY McDERMOTT.

Third Judicial District, Bridgeport, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

Intention is a mental process, and of necessity must be proved by the statements or acts of the person whose act is being scrutinized.

Whether a grantor intended to make delivery of a deed, or to ratify and confirm one which had been taken from him, is a question of fact; and therefore the finding of the trial court respecting delivery and ratification is not reviewable, unless the conclusion drawn from the subordinate facts is plainly erroneous because unreasonable.

In a suit to have a deed erased from the land records, it appeared that the plaintiff executed the deed naming the defendant as grantee, that he never delivered it but placed it among his private papers in a drawer which he locked, and that the defendant took the deed and had it recorded without the knowledge or consent of the plaintiff. The defendant claimed that the plaintiff had ratified the deed, because of statements made by him to persons who had claims for money due in connection with the premises, that collection should be made of the defendant as she was the owner of the property. The court found that the plaintiff made these statements because the defendant was in possession of the property and receiving its full benefits, and that he did not intend to, and did not in fact, ratify the conveyance; and judgment was given for the plaintiff. Held that there was no error in this action of the court.

The plaintiff testified on cross-examination that he had had the bills concerning the premises sent to the defendant as owner of the

property, and, on redirect, that upon learning of the recording of the deed he had consulted a lawyer and caused to be drawn and recorded a *lis pendens* or *caveat.* The *lis pendens* was then offered and admitted in evidence. *Held* that this ruling of the court was proper, since the recording of the instrument was an act indicative of the plaintiff's intention, and the fact that the paper contained declarations in support of the plaintiff's ownership, did not make the act and the instrument inadmissible.

The rule against the admission of hearsay evidence is not one that can be safely strained beyond its established limits.

Argued October 26th—decided November 30th, 1921.

SUIT to compel the defendant to cause an alleged undelivered deed of real estate owned by the plaintiff to be erased from the land records, and requiring the premises to be conveyed to the plaintiff, brought to and tried by the Superior Court in New Haven County, *Wolfe, J.;* judgment for the plaintiff, and appeal by the defendant. *No error.*

*Charles J. Martin,* for the appellant (defendant).

*James D. Hart,* for the appellee (plaintiff).

WHEELER, C. J.   The defendant submits her appeal upon the single point as to whether or not the plaintiff, by his acts and conduct, ratified the act of the defendant in placing on record the deed of the premises which the plaintiff seeks, by this action, to have conveyed to him.

The defendant's counsel rightly says that the corrections of the finding are not indispensable to the success of her claim of ratification, except the correction of paragraph 43, and all of the motion to correct may well be disregarded as either not well taken or as immaterial, except as to this paragraph, and this we propose considering at a later stage of the case.

The finding relates that the plaintiff executed a

deed of certain premises, made to the defendant as grantee, but never delivered the same, and placed it among his private papers in a bureau drawer and locked the drawer. Afterward, in September, 1919, plaintiff learned that the defendant had taken the deed and placed it on the land records without the knowledge or consent of the plaintiff. Immediately upon learning of this, the plaintiff made demand upon the defendant for the return of the deed, but defendant said she purposed holding this property. Prior to this time the plaintiff and defendant had been living together in these premises, and upon defendant's refusal of plaintiff's demand, he moved from these premises and has not since lived with the defendant. On October 3d, 1919, the plaintiff caused a *lis pendens* to be placed on the land records, giving notice that he claimed title to the property. On October 23d, 1919, he caused the present action to be instituted. In December, 1919, he filed his application in the Superior Court for the appointment of a receiver of the rents of the premises, but, at the suggestion of the court, a bond in lieu thereof was given by the defendant. On March 30th, 1921, the plaintiff again brought his application for the appointment of a receiver for the rents, and on March 31st, 1921, the court passed an order appointing such receiver. Since its institution, the plaintiff has duly pressed this action clear up to the trial.

The defendant relies for her conclusion of ratification upon the acts and statements of the plaintiff: in telling a painter who had presented a bill for work done prior to the taking of this deed by the defendant, that he should collect it of the defendant as she was the owner of this property; in telling the savings-bank, about October 29th, 1919, to send its bill for interest, which it had sent to the plaintiff, to the defendant;

and in telling the water company, and an insurance firm, to send their bills to the defendant. The defendant subsequently paid each of these bills.

The trial court also found, in paragraph 43, that "all of said statements aforesaid concerning the sending of the bills to defendant and the ownership of the property, were made by plaintiff because defendant had recorded said deed and the premises stood in her name upon the record, and as she was in possession of said property and was receiving the full benefit thereof, the charges against the property should be paid by her. Plaintiff in making such statements did not intend to and did not in fact ratify, confirm or adopt the act of defendant in taking said deed into her possession and recording the same, nor intend that title to said premises should be and remain in defendant." The defendant assigns as error this finding that the plaintiff did not intend to, and did not in fact, ratify the taking of the deed in making these statements to the painter, the water company, the savings-bank, and the insurance firm; and the defendant insists that the finding, thus corrected, will present a clear case of ratification of the possession by the defendant of this deed and of these premises.

Whether a grantor intended to make delivery of a deed is a question of fact; intention is a mental process, and of necessity it must be proved by the statement or acts of the person whose act is being scrutinized. When the question at issue was whether one had turned over his salary to his wife as a gift, we said: "The question, then, is whether in a situation where the intent of the witness is material, he may testify directly as to his intent at the time of the transaction under investigation. We think he may, since intent is a mental fact requisite to create a gift." *Fox* v. *Shanley*, 94 Conn. 350, 362, 109 Atl. 249. And in

*Meriden Trust & Safe Deposit Co.* v. *Miller,* 88 Conn.
157, 162, 90 Atl. 228, we said: "We think the finding
of the intent to make present gifts was an inference
of fact open to the trial court to draw. . . . A question
of intent is a question of fact, the determination of
which is not reviewable unless the conclusion drawn
by the trier is one which cannot reasonably be made";
and in *Humiston* v. *Preston,* 66 Conn. 579, 34 Atl. 544,
we held—where the question of the delivery of a deed
depended upon the intent with which an act was per-
formed—that the question was one of fact, and the
decision of the trial court thereon was not subject to
review on appeal. *Wiley* v. *London & Lancashire
Fire Ins. Co.,* 89 Conn. 35, 39, 92 Atl. 678; *Kronfeld* v.
*Missal,* 87 Conn. 491, 493, 494, 89 Atl. 95; *Saltzsieder*
v. *Saltzsieder,* 219 N. Y. 523, 530, 114 N. E. 856. The
intention with which these statements were made by
the plaintiff, whether intending to ratify the con-
veyance to the defendant or not, was a question of
fact, and the evidence amply justified the trial court
in finding that the plaintiff did not intend to ratify this
conveyance.

If the case were to be disposed of without the further
finding of that part of paragraph 43 which recites
that in these statements the plaintiff did not in fact
ratify the conveyance to defendant, the facts found
would lead to the conclusion that the plaintiff did not
ratify, whether the conclusion be regarded as one of
law or fact, or of mixed law and fact. If ratification
be regarded as a question of fact, as our decisions
hold, the finding that plaintiff did not intend to ratify,
of necessity would compel the inference that no
ratification then occurred. But if ratification be re-
garded as a question of law where the facts are undis-
puted, the only conclusion which these facts permit
is that no ratification took place when these statements

were made. Whether there has been a delivery of a deed, or a ratification of a deed, are questions alike in character. Some authorities say the question of delivery is one of law upon the facts. *Lee* v. *Parker,* 171 N. Car. 144, 151, 88 S. E. 217; *Saltzsieder* v. *Saltzseider,* 219 N. Y. 523, 530, 114 N. E. 856; *Earle* v. *Earle,* 20 N. J. L. 347. Others say it is one of law and fact, upon a given set of facts. *Johnston* v. *Kramer Bros. & Co.,* 203 Fed. Rep. 733, 736; *Midkiff* v. *Colton,* 155 C. C. A. 149, 242 Fed. Rep. 373, 379. Others hold it to be a question of fact. *Bishop* v. *Burke,* 207 Mass. 133, 140, 93 N. E. 254; *Cook* v. *Lee,* 72 N. H. 569, 572, 58 Atl. 511. And a few hold it to be ordinarily a question of fact, or a mixed question of law and fact. *Wood* v. *Montpelier* (Vt.), 82 Atl. Rep. 671, 677. In *Humiston* v. *Preston,* 66 Conn. 579, 34 Atl. 544, we said that where the delivery depends upon the intent with which a certain act is performed, the question is one of fact; and similarly, we held the question of waiver and abandonment one of fact, *Chatfield Co.* v. *O'Neill,* 89 Conn. 172, 175, 93 Atl. 133; also acceptance and acquiescence, *Evarts* v. *Johnson,* 88 Conn. 683, 686, 92 Atl. 434; and whether a contract had been repudiated, *McLaughlin* v. *Thomas,* 86 Conn. 252, 258, 85 Atl. 370. In *Home Banking & Realty Co.* v. *Baum,* 85 Conn. 383, 389, 82 Atl. 970, and *Curnane* v. *Scheidel,* 70 Conn. 13, 17, 38 Atl. 875, the trial court found the ratification as a question of fact. While in *Gallup* v. *Fox,* 64 Conn. 491, 495, 30 Atl. 756, the charge of the trial court, that ratification was a fact for the jury to find from the evidence, was not held to be error. Devlin on Deeds (Vol. I, 3d Ed.) p. 411, § 268, states the rule to be: "The question whether the grantor ratified the delivery, as against a mortgagee from the grantee relying upon the deed, is one that may be submitted to a jury."

Since ratification in a given case depends ultimately upon the intention with which the act or acts, from which ratification is claimed, were done, and since intention is a mental fact and its finding clearly one of fact, the finding in a given case of ratification is one of fact and not reviewable unless the conclusion of ratification, drawn from the facts, is plainly erroneous. *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 174, 39 Atl. 115. In other words, unless the conclusion drawn be one which men reasoning in a reasonable way would not draw, the finding of ratification must stand, and except for this limited purpose it is not reviewable.

The exception to a single ruling on evidence is assigned as error. The plaintiff testified in his own behalf, and on cross-examination was asked if he had not gone to the savings-bank, the water company, the insurance firm, and the painter, and told them to send their bills to defendant as she owned the property, and having answered these questions in the affirmative, on redirect he testified that he had, upon learning of the recording of the deed, consulted a lawyer and caused to be drawn and recorded a *lis pendens* or *caveat*. This instrument contained a declaration of ownership of these premises by the plaintiff. The defendant objected to the offer in evidence of this *lis pendens,* upon the ground that it was a self-serving declaration made after the fact. It was claimed in explanation of plaintiff's conduct and of his claim that he never intended to convey these premises to defendant. The court admitted the offer, and we think properly. The recording of this instrument was an act indicative of plaintiff's intention, and the fact that it contained declarations in support of plaintiff's claim did not make the act and the instrument inadmissible. Both were inseparable, and unless admitted the truth would have been shut out. We repeat what we said of the rule against the

admission of hearsay evidence in *Engel* v. *Conti*, 78 Conn. 351, 354, 62 Atl. 210: "It is not one that can be safely strained beyond its established limits."

Other assignments of error we find no occasion to consider.

There is no error.

In this opinion the other judges concurred.