## STATE OF CONNECTICUT *v.* MICHAEL CRAMER
### (AC 18443)

Schaller, Hennessy and Dupont, Js.

Argued December 16, 1999—officially released April 25, 2000

*Hubert J. Santos,* with whom were *Patrick S. Bristol* and, on the brief, *Hope C. Seeley,* for the appellant (defendant).

*Carolyn K. Longstreth,* senior assistant state's attorney, with whom were *Kimberley N. Perrelli,* assistant state's attorney, and, on the brief, *James E. Thomas,* state's attorney, for the appellee (state).

HENNESSY, J. The defendant, Michael Cramer, appeals from the judgment of conviction, rendered after a jury trial, of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), risk of injury to a child in violation of General Statutes § 53-21 and making a false statement in the second degree in violation of General Statutes § 53a-157b. On appeal, the defendant claims that the trial court (1) made improper evidentiary rulings concerning hearsay and the foundation for a piece of evidence, (2) improperly instructed the jury and (3) improperly sentenced him. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. In May or June, 1996, the fourteen year old victim and a friend were at a restaurant where they encountered the defendant and a friend of the defendant. The defendant had been the victim's boyfriend for about two weeks. The defendant said he was staying at a motel and wanted to get something from his room. The four then proceeded to the motel, where, after a few minutes, the defendant and the victim went into the bathroom and, according to the victim, had nonconsensual sex. Neither of the friends heard any noise in the bathroom except one loud thump on the wall of the bathroom. Other facts will be discussed where relevant to the issues in this case.

I

The defendant claims first that the court made improper evidentiary rulings. He claims that the court (1) improperly allowed the statement of the victim's

friend into evidence, (2) abused its discretion by allowing the victim's mother to testify as to a statement made by the victim and (3) improperly allowed the jury to inspect the contents of a bag the state offered into evidence.

"Our standard of review regarding challenges to a trial court's evidentiary rulings is that these rulings will be overturned on appeal only where there is an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. *State* v. *Cole*, 50 Conn. App. 312, 330–31, 718 A.2d 457, cert. granted on other grounds, 247 Conn. 937, 722 A.2d 1217 (1998). It is a well established principle of law that the trial court may exercise its discretion with regard to evidentiary rulings, and the trial court's rulings will not be disturbed on appellate review absent abuse of that discretion. . . . Sound discretion, by definition, means a discretion that is not exercised arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law . . . . And [it] requires a knowledge and understanding of the material circumstances surrounding the matter . . . . In our review of these discretionary determinations, we make every reasonable presumption in favor of upholding the trial court's ruling.' . . . *Wright* v. *Hutt*, 50 Conn. App. 439, 445, 718 A.2d 969, cert. denied, 247 Conn. 939, 723 A.2d 320 (1998)." (Internal quotation marks omitted.) *State* v. *Orhan*, 52 Conn. App. 231, 237–38, 726 A.2d 629 (1999).

### A

The defendant's first evidentiary claim is that the court improperly allowed the written statement of the victim's friend into evidence for substantive use under *State* v. *Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986), because the declarant lacked personal knowledge of the facts contained in the statement. We disagree.

The following additional facts are necessary to our resolution of this claim. The victim's friend gave a written statement to the police in which she stated that shortly after leaving the motel on the night of the incident, the victim said that she had been raped. During the trial, the friend was called as a witness by the state and testified that the victim told her that she had been raped "but she did not mind." The state then introduced into evidence the written statement as a prior inconsistent statement because it did not contain any mention of the victim saying that she did not mind having been raped.

The defendant claims that this statement was admitted as a *Whelan* statement and that its admission was improper because the declarant lacked personal knowledge of the facts relayed in the statement. The state responds that this claim should be rejected because the statement was admitted only for impeachment purposes. Prior inconsistent statements may be introduced either to impeach a witness; *State* v. *Otto*, 50 Conn. App. 1, 8, 717 A.2d 775, cert. denied, 247 Conn. 927, 719 A.2d 1171 (1998); or for substantive use where the statement is in writing, the witness is subject to cross-examination and has personal knowledge of the facts stated. *State* v. *Whelan*, supra, 200 Conn. 743. "Absent a limiting instruction, evidence presented at trial is taken for its truth." *State* v. *Correia*, 33 Conn. App. 457, 462, 636 A.2d 860, cert. denied, 229 Conn. 911, 642 A.2d 1208, cert. denied, 513 U.S. 898, 115 S. Ct. 253, 130 L. Ed. 2d 174 (1994).

A review of the record reveals that there is no indication that the written statement was admitted for substantive purposes. The prosecutor offered the statement only as an inconsistent statement to impeach the testimony of the witness, and the court stated that all prior out-of-court statements made by the victim were to be considered only in determining the credibil-

ity of the victim. In addition, the court instructed the jury that the out-of-court statement was not to be considered to prove the truth of the matter asserted in the statement.[1]

The defendant argues that the court never instructed the jury that the statement of the victim's friend had been admitted for impeachment purposes only. The defendant cites *State* v. *Correia*, supra, 33 Conn. App. 462, for the proposition that without such an instruction, the jury was free to accept the statement as substantive evidence. In *Correia*, the victim's prior inconsistent statement was heard by the jury, and the court gave absolutely no limiting instruction on its use. Id. We concluded, therefore, that "[a]bsent a limiting instruction, evidence presented at trial is taken for its truth." Id. In the present case, however, the court *did* give a limiting instruction to the jury on the statement, namely, that the statement was to be considered only to gauge the credibility of the victim and not for the truth of the matter asserted. Although the court did not give a specific instruction that the statement was to be used only to impeach the testimony of the victim's friend, the court did give a limiting instruction on the use of all the victim's prior statements, and the defendant can point to no evidence that the friend's written statement was admitted for the truth of the matter it asserted. Accordingly, we conclude that the court did

---

[1] The court instructed the jury: "The state also offered evidence of out-of-court statements made by the complainant to other persons that the defendant sexually assaulted her. Those persons to whom she made such statements to are her mother and then girlfriend . . . . Each of these people testified as to the statements the complainant made to each of them regarding the defendant sexually assaulting her. This evidence by each of these witnesses is admitted solely to corroborate or not corroborate her . . . testimony in court, to be considered by you only in determining the weight and credibility you will accord her testimony given here in this court. This evidence of out-of-court statements by her of the sexual assault against her by the defendant is not to be considered by you to prove the matter, the truth of the matter asserted in those out-of-court statements."

not abuse its discretion in admitting into evidence the prior inconsistent statement of the victim's friend.

Moreover, the difference between the testimony that the victim "did not mind" the rape and the prior statement, which contained no comment to that effect, went to the issue of force. Because the defendant was acquitted of the charge of sexual assault in the first degree, the issue of force was resolved in his favor, and he cannot claim that he was harmed by the admission of the prior inconsistent statement.

## B

The defendant's next evidentiary claim is that the court abused its discretion by allowing the victim's mother to testify as to a statement made by the victim. We disagree.

The victim's mother testified that she had seen a change in her daughter's personality in the months following the incident in the motel. When asked to describe the change, the mother stated that she noticed that "[the victim] was having nightmares at night. Her room was right next to my bedroom at that time, and I noticed she would, in the middle of the night, say, 'No. Stop it.' I would go in there to see what was wrong with her and she would be mumbling." The defendant claims that the victim's statement of, "No. Stop it," is hearsay and does not fall within any of the recognized exceptions for the introduction of hearsay evidence.

"Hearsay is an out-of-court statement that is offered to establish the truth of the facts contained in the statement. . . . *State* v. *Miller*, 154 Conn. 622, 629, 228 A.2d 136 (1967), and *Murray* v. *Supreme Lodge, N.E.O.P.*, 74 Conn. 715, 718, 52 A. 722 (1902). A statement may or may not be hearsay, depending upon the purpose for which it is offered. When declarations are offered . . . for the purpose of showing that such statements

were made and not that what was declared was true, they do not come within the rule. . . . *McDermott* v. *McDermott*, 97 Conn. 31, 37–38, 115 A. 638 (1921); *Engel* v. *Conti*, 78 Conn. 351, 354, 62 A. 210 (1905)." (Internal quotation marks omitted.) *State* v. *Williams*, 48 Conn. App. 361, 367, 709 A.2d 43, cert. denied, 245 Conn. 907, 718 A.2d 16 (1998).

In this case, the statement was offered to show that the victim was having nightmares. It was not offered to prove that the defendant raped the victim. The defendant claims that the inference to be drawn from this statement was that the victim was having nightmares about her assault and was begging the defendant not to engage in sexual intercourse with her. We conclude, however, that the context in which the statement was presented indicates that the statement was not offered for its truth, but rather to show that the victim was having nightmares and mumbling in her sleep. Accordingly, we conclude that the court did not abuse its discretion in allowing the victim's mother to testify as to the nightmares the victim was having.

C

The defendant's final evidentiary claim is that the court improperly allowed the jury to inspect the contents of a brown bag that the state offered into evidence. We disagree.

The state presented the testimony of Detective Walter Peidl, who testified that during the investigation of this case, the victim provided him with the boxer shorts that she had worn, which had been torn during the incident. Peidl brought the boxer shorts with him to court in a brown bag. The boxer shorts were never taken out of the bag and shown to the jury. After voir dire of Peidl by the defendant's counsel, the court admitted the bag into evidence. The jury looked at the contents of the bag during deliberations. The defendant

contends on appeal that the court improperly allowed the jury to inspect the boxer shorts because it was the bag itself that was admitted into evidence and not the boxer shorts.

The defendant correctly asserts that "[c]onsideration [by the jury] of extrinsic evidence is presumptively prejudicial because it implicates the defendant's constitutional right to a fair trial before an impartial jury." (Internal quotation marks omitted.) *State* v. *Brown*, 235 Conn. 502, 523, 688 A.2d 1288 (1995). We do not conclude, however, that the jury in the present case viewed extrinsic evidence. It is clear from the record that Piedl's testimony established that the boxer shorts were given to him by the victim during the investigation of this case, that he placed them in the bag, stapled it closed, labeled the bag and locked it in his evidence locker. Once the state attempted to offer what Piedl had brought with him to court, the defendant's counsel conducted a voir dire of Piedl to inquire as to the condition of the "item" between June and October, 1996. The defendant's counsel then stated that he had no objection to the admission of the "item" as a full exhibit. It is clear from the parties' and the court's references to the exhibit that it was understood that the state was offering the boxer shorts rather than the bag alone. It was not until a court clerk raised the issue of whether the boxer shorts were in evidence that the defendant's counsel first raised the objection that the bag was in evidence, but the boxer shorts were not.

A trial court must decide under a test of reasonable probability whether the identification and nature of the contents of an item is sufficient to warrant the item's reception in evidence. *State* v. *Brown*, 163 Conn. 52, 57, 301 A.2d 547 (1972). In the present case, there was no showing that the bag containing the boxer shorts had been tampered with or that there was insufficient proof as to the contents of the bag so as to warrant

the defendant's claim that he was denied a fair trial on the ground that the jury viewed an item that was not in evidence. Accordingly, we conclude that the court did not abuse its discretion in allowing the jury to view the boxer shorts.

## II

The defendant claims next that the court failed to instruct the jury properly. The defendant claims that the court (1) failed to instruct the jury that the verdict regarding making a false statement in violation of § 53a-157b must be unanimous and (2) diluted the state's burden of proof by instructing the jury improperly on the definition of reasonable doubt.

" 'When reviewing [a] challenged jury instruction . . . we must adhere to the well settled rule that a charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper.' . . . *State* v. *Denby,* 235 Conn. 477, 484–85, 668 A.2d 682 (1995)." *State* v. *Delgado,* 247 Conn. 616, 625, 725 A.2d 306 (1999).

## A

The defendant claims that the court failed to instruct the jury that the verdict regarding the violation of § 53a-157b must be unanimous. The defendant failed to preserve this claim and now seeks review under *State* v.

*Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[2] claiming that he was deprived of a fair trial.

"In recent years, our Supreme Court has delineated a test for determining the necessity of a unanimity charge. *State* v. *Reddick*, 224 Conn. 445, 453–54, 619 A.2d 453 (1993); *State* v. *Famiglietti*, 219 Conn. 605, 619–20, 595 A.2d 306 (1991); *State* v. *Anderson*, 211 Conn. 18, 35, 557 A.2d 917 (1989). 'We first review the instruction that was given to determine whether the trial court has sanctioned a nonunanimous verdict. If such an instruction has not been given, that ends the matter.' " *State* v. *Nixon*, 32 Conn. App. 224, 244, 630 A.2d 74 (1993), aff'd, 231 Conn. 545, 651 A.2d 1264 (1995), quoting *State* v. *Famiglietti*, supra, 619–20.

"[T]he absence of language expressly sanctioning a nonunanimous verdict means that the defendant has not met the first part of the *Famiglietti* test." *State* v. *Reddick*, supra, 224 Conn. 454. Our review of the record fails to reveal a jury instruction that expressly sanctioned a nonunanimous verdict. The court, to the contrary, provided specific unanimity instructions with the other charges against the defendant and also provided a general unanimity instruction to the jurors during their deliberations.[3]

[2] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40.

[3] During deliberations, the jury sent the court a note containing a question. After the court addressed the question, the court informed the jury that "[a] couple of things I didn't tell you before is, obviously, each of the counts has to be unanimous."

"Having determined that the court never expressly sanctioned a nonunanimous verdict, our analysis of the defendant's claim does not proceed further. . . . We conclude that the trial court's instructions were not fundamentally unfair to the defendant and that the defendant accordingly cannot prevail under the bypass of *State* v. *Golding*, supra [213 Conn. 239–40]." *State* v. *Nixon*, supra, 32 Conn. App. 245. Further analysis of this claim is not warranted.

## B

The defendant claims that the court improperly instructed the jury that a reasonable doubt is a "real doubt, honest doubt." The defendant failed to preserve his claim and, in his brief, seeks review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40. Our resolution of this claim is governed by *State* v. *Hines*, 243 Conn. 796, 818, 709 A.2d 522 (1998), and *State* v. *Taylor*, 239 Conn. 481, 504–505, 687 A.2d 489 (1996), cert. denied, 521 U.S. 1121, 117 S. Ct. 2515, 138 L. Ed. 2d 1017 (1997), in which our Supreme Court held that an instruction containing virtually identical language was not constitutional in nature and, therefore, not reviewable under *Golding*. Accordingly, we decline to review the defendant's unpreserved claim.

## III

The defendant finally claims that he was improperly sentenced. He argues that the court, when imposing the sentence, impermissibly penalized him for having exercised his right to a jury trial,[4] and improperly con-

---

[4] The defendant asserts that when the state addressed the court at the sentencing proceeding, it remarked on the fact that a previous judge had offered the defendant a plea bargain on the charge of sexual assault in the second degree, which entailed a sentence of ten years incarceration, suspended after three years, with ten years of probation. After pointing out that the defendant had elected a jury trial and had been convicted of serious charges, the state urged the court to impose a more serious sentence. According to the defendant, the court's eventual sentence, which was less than what the state suggested, but more than the plea bargain, is an indication

sidered other charges pending against the defendant in another court and imposed sex offender registration as a condition of probation. As all of these claims are unpreserved, we decline to review them.

"Ordinarily, we will not review a claim that was not distinctly raised before the trial court. Practice Book § 4185 [now § 60-5]; *State* v. *Reddick*, 33 Conn. App. 311, 331, 635 A.2d 848 (1993), cert. denied, 228 Conn. 924, 638 A.2d 38 (1994)." *State* v. *Crump*, 43 Conn. App. 252, 261, 683 A.2d 402, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996). The defendant, in his reply brief, now seeks review under the plain error doctrine.

It is well established that "plain error 'review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' . . . *State* v. *Wright*, 207 Conn. 276, 288–89, 542 A.2d 299 (1988); *State* v. *Miller*, 202 Conn. 463, 469, 522 A.2d 249 (1987)." *State* v. *Boles*, 223 Conn. 535, 551, 613 A.2d 770 (1992); *State* v. *Crump*, supra, 43 Conn. App. 261. In this case, there was no court action resulting in any manifest injustice. We therefore decline review on this basis.

The judgment is affirmed.

In this opinion the other judges concurred.

that the defendant was improperly punished for exercising his constitutional right to a jury trial.