## ANTOINETTE TURNER *vs.* SILAS I. BALDWIN.

Upon the question whether a certain alley-way, which had long been used in connection with a dwelling-house on which it abutted, had been acquired by adverse possession—held that a claim of right made while using the alley by a former owner of the house from whom the present claimant derived title,

though inadmissible as a claim of right, was yet admissible as giving character to the use of the alley and showing it to have been adverse.

TRESPASS *qu. cl. fr.;* brought to the Court of Common Pleas in New Haven County, and tried to the court on the general issue and a special plea of title, before *Stoddard, J.* Facts found and judgment rendered for the defendant, and motion for a new trial by the plaintiff. The case is sufficiently stated in the opinion.

*S. E. Baldwin* and *W. K. Townsend,* in support of the motion.

*J. W. Alling,* contra.

FOSTER, J. To the declaration in this case, which was in trespass *quare clausum fregit,* the defendant interposed two pleas, the general issue and a special plea of title, *liberum tenementum.* Both issues were found for the defendant. The plaintiff seeks a new trial.

The *locus in quo,* to which each of the parties claimed both title and possession, is a strip of land about seven feet in width and twenty feet or more in length. The land lying on the easterly side of this strip is agreed to belong to the plaintiff, and that lying on the westerly side to the defendant. The claim of title by each party was rested to some extent, if not wholly, on adverse possession and enjoyment for a sufficient length of time to vest a right. The dwelling house of the plaintiff, on its westerly side, abutted on the easterly side of this strip of land, and during a portion of the time that this house was occupied by the plaintiff's grantors, a door opened from that side of the house upon this strip of land, which was then used as an alley-way for the accommodation of the house. The defendant claimed that this use was under a license from him or his grantors, for which they were to receive compensation; while the plaintiff claimed that it was adverse, and under a claim of right.

In support of the claim of the plaintiff the following question was propounded to one of the witnesses:—" Did or did

not Mrs. Forbes, [the plaintiff's grantor,] while she lived in the house, use this alley-way and side door under a claim of right?" This question was objected to by the defendant, and excluded by the court, the plaintiff excepting.

This witness had previously testified that between the years 1821 and 1839 she very often called on the widow Forbes at this house, and that in doing so she passed through this alley-way, and entered the door on the west side of the house.

It is quite clear that no mere claims or naked assertions of title, made by a party in his own favor, in the absence of the opposite party, are admissible in evidence. It is equally clear that declarations which form part of the *res gesta*, or are expressive of its character, motive, or object, made at the time of the transaction, are admissible in evidence. Both these principles are too well established to require comment or the quotation of authority.

If the above question falls under the former of these principles, and asks for a mere assertion of title in one's own favor, in the absence of the opposite party, it was properly excluded; but if it falls under the latter principle it should have been allowed.

We think it falls under the latter principle. The answer, if responsive to the question, would have tended to show the character of the possession, the nature of the use and enjoyment of the *locus in quo*. That was a material point in issue, and the answer might have had a controlling effect on the decision.

On this ground we advise a new trial, omitting any consideration of some other points which have been discussed on the motion.

In this opinion the other judges concurred; except CARPENTER, J., who dissented.