## THE SAUGATUCK CONGREGATIONAL SOCIETY *vs.* THE EAST SAUGATUCK SCHOOL DISTRICT.

The declarations of a party in favor of his own title, are not admissible except where they are a part of the *res gestœ.*

And the mere absence of such declarations can not be shown by the adverse party against him.

[Argued October 30th—decided December 23d, 1885.]

ACTION to recover possession of real estate; brought to the Court of Common Pleas, and tried to the court before *Hall, J.* Facts found and judgment rendered for the defendant, and appeal by the plaintiff. The case is sufficiently stated in the opinion.

*C. Thompson* and *J. H. Perry*, for the appellant.

*D. C. Birdsall* and *R. E. DeForest*, with whom was *W. K. Seeley*, for the appellee.

CARPENTER, J. From a careful analysis of the facts of this case it appears that the record title to the land on which the school house stands is in the plaintiff. The building itself was constructed and paid for principally by the proprietors of the academy in 1804—the school district contributing to the funds of the academy the sum of $127, being the avails of the sale of the old school house. The equitable title to the building therefore seems to have been originally in the proprietors of the academy, and is now in their heirs unless one of the parties to this suit has acquired title thereto by adverse possession. It is proper to remark, however, that the controversy relates solely to the upper room in the building, it being practically conceded that the district has been in possession of the lower room under a claim of right since 1807. On the trial both parties claimed title to the upper room by adverse possession, the plaintiff claiming partly under Miss Leavenworth, who occupied the room for a private school from 1832 to 1876.

The following quotations from the record will serve to show what the questions are which we are called upon to decide:—

"During the trial of said cause the plaintiff, having offered evidence of the adverse occupation by Miss Leavenworth and others, the defendant, for the purpose of characterizing such occupation, and to show that it was not adverse to the defendant, called as a witness Thomas D. Elwood, who testified that he had taught said district

school since 1864, excepting two years, and the defendant thereupon asked said witness the following question:— 'During that period did you ever hear that the Congregational Society pretended to have any claim or right of ownership of the building and grounds occupied by the school until 1883?' The plaintiff objected to, but the court admitted the question, and the witness answered—'I never did, in any shape or manner.'

"The following question put to the same witness was objected to by the plaintiff, but admitted by the court:— 'What did Mr. Hart (the pastor before referred to) say to you, if anything, respecting the necessity of the district making repairs to the building?' *Ans.* 'Mr. Hart said to me, I think the district should go to work and repair that roof; if not, you will have to have an umbrella down there before long.'

"Of the defendant's witness, Charles H. Taylor, who testified that he was fifty-four years of age, and had resided all his life in Westport, that he had attended Miss Leavenworth's school, and had been two years treasurer and six years committee of the district prior to 1883, the defendant asked the following question, which was received against the plaintiff's objection:—'During all that time did you ever hear that the plaintiff made any claim of right of ownership to the school house and yard until last year?' *Ans.* 'I did not.'

"Against the objection of the plaintiff the witness further answered:—'I never heard of Miss Leavenworth making a claim of ownership until the record of this deed.'" (A deed from Miss Leavenworth to the society in December, 1882.)

Similar questions were put to, and similar answers obtained from, other witnesses.

It is difficult to vindicate the reception of this evidence. Possession does not receive its adverse character from the declarations of the party in possession, except when such declarations may be regarded as *res gestæ.* The mere declarations of a party can not be admitted in his own favor.

It follows that the mere absence of such declarations can not be shown by the adverse party against him. A party is not bound to make public proclamation that he holds adversely; therefore whatever he says or omits to say is a matter of no importance, unless he speaks against his interest, or fails to speak when required to do so. The adverse character of the possession is ordinarily, if not always, shown by the facts of the case, and not from loose and casual declarations. Therefore the absence of such declarations has no tendency to prove that the possession is not adverse. A corporation usually speaks by its agents authorized to speak for it, and through its votes and acts. Here the absence of rumor in the community is allowed to have weight in the judicial scales. It is not merely hearsay that is invoked, but it is the absence of hearsay. Equally objectionable is the declaration of Mr. Hart. Being no party to the suit, whatever he said was mere hearsay.

There is error in the judgment, and it is reversed and a new trial ordered.

In this opinion the other judges concurred.