## LEOPOLD KRONFELD *vs.* ISAAC MISSAL.

First Judicial District, Hartford, October Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The defendant, who kept a dry goods store, agreed in writing to sell his stock to the plaintiff and to give him a lease of the store for five years. This agreement was not recorded. Shortly thereafter a bill of sale of the goods and store fixtures was executed and recorded, which the defendant falsely and fraudulently represented, and which the plaintiff believed, contained a lease of the premises as agreed, but which in fact made no reference to a lease, and afterward the defendant sold and conveyed by warranty deed the store building to a third person, from whom he concealed the fact of the plaintiff's right to a lease, and the purchaser had no notice or knowledge thereof. *Held* that the allegation and proof of these facts entitled the plaintiff to recover.

Where one's silence respecting his title to premises which he is about to convey will give a false impression, he is bound to speak the truth.

One's intent in doing an act may be shown by his words or may be inferred from his conduct.

The weight and credibility of conflicting evidence is a matter for the determination of the jury, whose decision, unless manifestly and palpably unjust, is final.

Argued October 7th—decided December 20th, 1913.

ACTION to recover damages for false and fraudulent representations, brought to the Superior Court in Hartford County and tried to the jury before *Case, J.;* verdict and judgment for the plaintiff for $280, and appeal by the defendant. *No error.*

*J. Gilbert Calhoun,* for the appellant (defendant).

*John F. Forward,* with whom was *Morris Older,* for the appellee (plaintiff).

RORABACK, J. It appears from the undisputed facts that on December 9th, 1911, the defendant, Missal,

was the owner of a stock of dry goods, and the business connected therewith, in the city of Hartford. Missal also owned the building in which the goods were located and the business conducted therein. At this time he made a written agreement with the plaintiff, which provided for a sale of the goods in the store, with the fixtures and good will. This written agreement, which was never recorded, also contained a provision for a lease of the store building to the plaintiff, on certain terms, for the period of five years. Kronfeld took possession of the store and the goods at once, and paid the rent called for in the written agreement until about the middle of March, 1912. On December 30th, 1911, the plaintiff and defendant met, and the defendant executed a bill of sale of the goods and fixtures in conformity with the terms of the written agreement. The bill of sale was recorded upon the same day it was made, but the defendant never made a lease of the premises to Kronfeld. On March 16th, 1912, Missal sold the store building to one Berman. No mention was made of the plaintiff's lease in the deed conveying the real estate to Berman. Berman refused to recognize the plaintiff's rights to a lease, but allowed Kronfeld to occupy the store from month to month at a rental in advance of the one called for in the written agreement of December 9th, 1911.

The complaint contained a charge of fraud against the defendant for falsely representing by his acts and statements that the bill of sale contained a lease of the premises to the plaintiff in conformity with the terms of the written agreement. It was also alleged that on March 16th, 1912, the defendant sold the store building to Berman without informing the purchaser of any lease to the plaintiff, and without mentioning any lease or obligation to the plaintiff in the deed conveying the real estate; that the defendant made these representa-

tions falsely, and did these acts with a fraudulent intention thereby to cheat and defraud the plaintiff; that the plaintiff is unable to obtain any lease from Berman, the purchaser, and that thereby his business, which is an established one, will be ruined and destroyed. The complaint, although not accurately drawn, sufficiently states that the false and fraudulent representations and acts were made and done by the defendant with the intention of defrauding the plaintiff, and that this fraudulent intention prevailed. The defendant evidently so regarded it as, he did not venture to question its sufficiency or certainty by a demurrer or otherwise.

The alleged concealment of the plaintiff's right to a lease of the premises when they were sold and conveyed to Berman was one of the important facts connected with the defendant's wrongful statements and omissions. If Berman were a purchaser by a warranty deed without notice, he was under no obligation to recognize the agreement for a lease, which agreement had never been recorded. The concealment of this material fact alone might not give a right of action, and the plaintiff has not attempted to predicate actionable fraud upon any single isolated fact, but the alleged fraud upon which he relies is based upon a course of improper statements and conduct, which, when connected, lead up to the culminating act of fraud which deprived the plaintiff of a lease of the store. If a person makes representations as to title, he is to speak the truth, or if he places himself in a position where his silence will convey a false impression of the truth, there may be as much fraud as in a false statement. A man's intention in doing an act may be proved by his words or inferred from his conduct. *Sallies* v. *Johnson*, 85 Conn. 77, 81, 81 Atl. 974. There was no direct evidence that the acts and statements of the defendant were fraudulent, but the plaintiff was not

confined to direct evidence of this fact. The intention of a party is a fact to be proved, but not necessarily by direct evidence. It may be shown either by direct evidence, or by proof of other facts indicative of such intention, and from which facts its actual existence and operation may be inferred. The act done and the circumstances attending its commission may indicate more or less clearly the intention of the party doing it, and authorize an inference of more or less weight in regard to such intention. *Quinebaug Bank* v. *Brewster*, 30 Conn. 559, 563; *Morford* v. *Peck*, 46 Conn. 380, 384.

The written agreement which provided for a lease of the premises was not recorded. This agreement was binding upon the defendant, but not as against Berman if he obtained title to the real estate by a warranty deed without notice of the plaintiff's right to a lease. The pendency of this right was an existing fact, and a material one as bearing upon the true condition of the defendant's title. If no deed had been made by the defendant, the plaintiff's right in the real estate would not have been impaired. If Missal had communicated the existence of the plaintiff's rights to Berman, the plaintiff's title would have been safe from any attack from this quarter.

The question of notice to Berman was one of the important facts in controversy. Upon this subject Berman testified that he purchased the property without any notice or knowledge of any incumbrance upon the real estate, and without an intimation from the defendant that the plaintiff had a written agreement for a lease. This the defendant denied. Upon this branch of the case and the testimony as to the improper statements and conduct of the defendant the evidence was conflicting. Apparently the jury did not accept the defendant's denials and explanations, but gave credence to the testimony of the plaintiff and his witnesses.

This determination should be final "unless the injustice of it is so manifest and palpable as clearly to denote that some mistake was made by the jury in the application of legal principles, or as to justify the suspicion that they or some of them were influenced by prejudice, corruption, or partiality." *Shaw* v. *Pope*, 80 Conn. 206, 211, 67 Atl. 495.

The trial judge, who had an opportunity to form a just estimate of the weight to be placed upon the testimony of the various witnesses, has failed to find such a condition. Under our familiar rules of law the verdict must stand.

There is no error.

In this opinion the other judges concurred.