WILLIAM HOROWITZ ET AL. *v.* THE F. E. SPENCER COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 2—decided November 8, 1945.

*Charles M. Lyman,* with whom was *Herman M. Levy,* for the appellants (plaintiffs).

*Bernard Greenberg,* for the appellee (defendant).

MALTBIE, C. J.  The defendant has, by deed, a right of way running easterly from a building it owns over the land of the plaintiffs to State Street in New Haven. The way is some ten feet wide and one hundred and thirty-six feet long.  When the defendant acquired its land in 1925, there was, and ever since has been, within the limits of the way at the end farthest from the street, a platform which it has continuously used, in the course of its business, to receive and discharge merchandise.  The platform, built of cement, starts on the land of the defendant lying southerly of the right of way and runs in a northerly direction, diagonally to the course of the way and slanting toward its inner end until it reaches about the center; this portion of it is approximately two feet and nine inches in height; over it is a roof, and this rests upon a beam which runs across the entire way and is supported by a steel column rising from the ground close to its northerly edge. From about the middle of the way, the platform, about a foot less in height but built up by wooden beams to the level of the other portion, continues across the way at right angles to its course and extends to the wall of a building belonging to the plaintiffs.  In this action they sought damages and injunctive relief upon the ground that the platform, roof and column constitute illegal encroachments upon the way, and claimed an injunction restraining the defendant from making any use of the land within the way other than for purposes of passage.  The defendant filed an answer denying most of the allegations of the complaint, and pleaded specially that it had acquired, by prescription, the

right to maintain the platform, roof and beam and that, by adverse possession, it had title to them. The trial court found the issues for the plaintiffs as regards the portion of the platform which runs at right angles to the center of the way and awarded them nominal damages; it concluded that the rest of the platform and the roof and beam were the property of the defendant; and it denied any injunctive relief. The plaintiffs have appealed.

The principal claim of the plaintiffs is that the defendant did not establish any right to the platform, roof and column. The trial court found, among the subordinate facts, that the defendant had, during all the time after it bought the property in 1925, occupied and used the diagonal portion of the platform and the shelter over it continuously, openly, uninterruptedly, adversely, under claim of right and without dispute. These findings are adequately supported by evidence and reasonable inferences. Use, to give rise to a prescriptive right, need not exclude the holder of the legal title from the premises; *Phillips* v. *Bonadies,* 105 Conn. 722, 728, 136 Atl. 684; nor need there be a claim of ownership; it is sufficient if the property is used by the possessor as his own. *French* v. *Pearce,* 8 Conn. 439, 443; *Searles* v. *DeLadson,* 81 Conn. 133, 136, 70 Atl. 589. A continued, open and visible use of property gives rise to a presumption that the holder of the legal title has acquiesced, particularly where he makes no objection; *School District* v. *Lynch,* 33 Conn. 330, 334; and no specific finding of acquiescence is necessary. Even if the platform as a whole constituted a unit, the defendant would acquire a prescriptive right only to such portion of it as was used by it as its own; *Hawley* v. *McCabe,* 117 Conn. 558, 560, 169 Atl. 192; there was sufficient evidence, if the trial court gave it credence, as it did, to support its finding that for a

number of years the defendant had paid an annual rental for the use of the portion of the property where the platform ran at right angles to the course of the way; and this would serve to limit the extent of its adverse user to the other portion.

The trial court perforce had to reach its decision by considering the nature and character of the use and the surrounding circumstances. *Sachs* v. *Toquet,* 121 Conn. 60, 66, 183 Atl. 22. The burden of proof was upon the defendant; *Shea* v. *Gavitt,* 89 Conn. 359, 363, 94 Atl. 360; but nothing in the record suggests that the trial court did not consider the issues upon that basis. The defendant had acquired the right to use and maintain the diagonal portion of the platform. This was the trial court's ultimate conclusion, in the sense that it entered immediately into and was a determining factor in the decision; it was properly included in the portion of the finding containing the conclusions of the court; and the plaintiffs do not complain of the specific terms in which it is stated. Certain of the findings of the court characterizing the defendant's user are such that they might properly constitute conclusions because they might have been reached in whole or in part by deductions from other facts; and in so far as relevant facts are found in or could be added to the finding, these conclusions must be tested to see whether or not they are legally or logically consistent with such facts. *Phillips* v. *Bonadies,* supra, 727; Conn. App. Proc., § 96. We can make no material correction in the finding, and no such inconsistency appears. The conclusion of the trial court that the defendant had, by adverse user, acquired the right to maintain and use the diagonal portion of the platform must stand, unless, indeed, it is vitiated by a ruling upon evidence which is assigned as error.

The president of the defendant corporation was per-

mitted, over objection by the plaintiffs, to testify in effect that from the time it purchased the property it claimed ownership of the platform as a part of its building. The plaintiffs objected on the ground that any express intention on its part was immaterial. In *Mentz* v. *Greenwich*, 118 Conn. 137, 146, 171 Atl. 10, we sustained a ruling admitting a question whether the witness who was testifying had used a certain tract of land under a claim of right, saying: "An essential element of the defendant's claim of title by adverse possession was that the use or occupation of the property be under a claim of right, and the intention of the person or persons using the property was material upon the issue as to the character of such use. When the intention of a witness is a fact relevant to the issue he may testify directly as to his intent." This decision directly supports the ruling of the trial court in this case, but the plaintiffs seek to have us overrule it on the ground that it does not accord with some of our earlier cases. It is true, as we have stated above, that it is not essential to the establishment of title by adverse user that a claim of ownership be made; title may be acquired even though the possessor knows that he is occupying wholly without right; all that is necessary to prove is that there was a user as of right, that is, one in disregard of any rights of the holder of the legal title. *French* v. *Pearce*, supra; *Searles* v. *DeLadson*, supra; *Phillips* v. *Bonadies*, supra, 726. In the first of these cases, as well as in the cases of *Comins* v. *Comins*, 21 Conn. 413, 418, *Turner* v. *Baldwin*, 44 Conn. 121, and *Saugatuck Congregational Society* v. *East Saugatuck School District*, 53 Conn. 478, 2 Atl. 751, there is language which lends support to the position taken by the plaintiffs. It is, however, true that the intent of the possessor to use the property as his

own must be shown. This issue involves an inquiry into his mental condition. When the cases just cited were decided, we had not come fully to recognize that a mental condition is a fact, that to establish it declarations of the party concerned tending to show what it was are admissible, and that he may directly testify as to it. *Kronfeld* v. *Missal,* 87 Conn. 491, 493, 89 Atl. 95; *Doolan* v. *Heiser,* 89 Conn. 321, 323, 94 Atl. 354; *Fox* v. *Shanley,* 94 Conn. 350, 362, 109 Atl. 249; *McDermott* v. *McDermott,* 97 Conn. 31, 34, 115 Atl. 638; *Lentine* v. *McAvoy,* 105 Conn. 528, 532, 136 Atl. 76; *Carrano* v. *Shoor,* 118 Conn. 86, 97, 171 Atl. 17. In so far as in some of our early cases there is language to the contrary, they have been impliedly overruled. Our decision in *Mentz* v. *Greenwich,* supra, was an application of a sound principle, and the ruling of the trial court now in question was correct.

The plaintiffs also assign error in the failure of the trial court to grant them injunctive relief. The finding of the issues for the defendant as regards the diagonal portion of the platform makes immaterial this claim as far as that part of the structure is concerned. The plaintiffs claim, however, that the court should have directed the defendant to remove the other portion of the platform. The defendant evidently did not construct the platform; it is not found, nor was the trial court asked to find, that the defendant claimed to own this portion of the platform; on the contrary, the court states among its conclusions that this part was the property of the plaintiffs. Upon the finding, any illegal conduct of the defendant with reference to this portion of the platform was restricted to using it in the position in which it was when the property was purchased. Under these circumstances, the defendant was under no duty to remove it for the plaintiffs' benefit.

*Lamb* v. *Lamb*, 177 N. C. 150, 152, 98 S. E. 307; 17 Am. Jur. 1004.

The plaintiffs also contend that they should have been granted injunctive relief because of the parking of the defendant's trucks upon the way, because of a claimed partial obstruction of their use of land owned by them abutting upon its northerly side by trucks standing at the defendant's loading platform, and because of claimed damage done to a corner of their building by these trucks while maneuvering to get into position at the platform. The complaint contained no allegations of any such improper acts but was restricted solely to the claim that the platform, roof and column supporting it constituted illegal encroachments. It is true that the complaint did contain a claim for an injunction restraining the defendant from making any use of the way other than for purposes of passage, but the trial court might well have considered that this referred only to the presence of the claimed encroachments. At the trial, the only claim of law by the plaintiffs relevant to their present contention was that the right to pass over the way given in the deed under which the defendant holds did not include the right to park on it for unloading trucks or any other purpose. The plaintiffs did not contend that the defendant had not acquired, by prescription, the right to use the way as a means of access for the purpose of receiving and discharging merchandise from its building on the platform, and, upon the justified premise that the defendant had that right, there is nothing contained in the finding or which we can add to it which would support a conclusion that there had been such an unreasonable use of the way for the parking of trucks by the defendant as to entitle the plaintiffs to an injunction. *Sachs* v. *Toquet,* supra, 67. No facts are found or can be added to the finding which would

furnish any basis for injunctive relief because of damage to the corner of the plaintiff's building.

There is no error.

In this opinion the other judges concurred.