THE CITY OF DERBY ET AL. *v.* DOMENIC DIYANNO

SUPERIOR COURT      NEW HAVEN COUNTY      FILE NO. 79844

Memorandum filed December 21, 1954.

*David B. Cohen* and *Yudkin & Yudkin,* both of Derby, for the plaintiffs.

*Healey, Donahue & Healey,* of Derby, *Roslyn Z. P. Montlick* and *Samuel M. Gordon,* both of New Haven, for the defendant.

SHANNON, J. This is an action for a permanent injunction restraining the defendant from interfering with the rights of the plaintiffs and of the public to use a right of way over the easterly portion of his land adjoining Roosevelt Drive, formerly known as Housatonic Avenue, and formerly Sugar Street, in Derby, for vehicular and foot passage for ingress and egress from it to so-called Camptown and for passage of sewer mains; and for a mandatory injunction compelling the defendant to replace excavated dirt from said right of way and otherwise to repair said right of way for foot and vehicular passage without a steep bank and with a slope readily conducive to such passage, and for damages. The plaintiffs, except the city of Derby, have proven that they are owners of land in Camptown, as alleged in the complaint.

The defendant became the owner of the property herein involved by warranty deed from Salvatore Papale, Samuel and Mary Musto dated August 30, 1934, "subject however to such rights of way as may exist and belong to the public, the city of Derby or adjoining property owners across the southeasterly side of said property next adjoining said land formerly of Bridget Carey as the roadway or passway is now laid out and used." In 1935, the defendant

erected a sign on his property, "Private Road No Trespass." In 1926, Samuel Musto, one of the defendant's grantors, leveled off the right of way in question to make a good road out of it and ever since then it has been used by all the landowners of Camptown, so-called, their tenants, their friends, peddlers, salesmen, doctors, delivery trucks, furniture movers, police cars, fire trucks, etc., until April 1, 1954. The defendant knew of this use, saw this traffic on his land and did nothing to stop it until April 1, 1954, except to refuse the plaintiff city of Derby permission to maintain, sand or shovel the passway on two or three occasions when their officials or employees sought his permission. On said date he excavated the southern end of said passway, making it impassable, and erected a barrier and changed the no trespass sign, replacing it as shown on exhibit 13.

The plaintiffs have no right of way by grant perhaps, but defendant had notice of the existence of the easement claimed by the plaintiffs in the very deed by which he acquired this property, and there has been an open, visible, continuous, uninterrupted use for more than twenty-eight years since, and for a long time before, by the owners and occupants of the land in Camptown without resort to permission or license from the defendant or his predecessors in title and in complete disregard of his no trespass sign. This establishes the plaintiffs' right of way. *Aksomitas* v. *South End Realty Co.*, 136 Conn. 277, 283; *Horowitz* v. *F. E. Spencer Co.*, 132 Conn. 373, 376; *Alderman* v. *New Haven*, 81 Conn. 137, 141; General Statutes § 7130.

A prescriptive right of way cannot be acquired by traveling over land unless the use defines its bounds with reasonable certainty. *Taylor* v. *Dennehy*, 136 Conn. 398. However, in this case this passway is shown on exhibit G, prepared in 1920, and on exhibit I, prepared in 1927, as fifteen feet wide and

running northerly from Housatonic Avenue, as Roosevelt Drive was then called, along the easterly boundary of the land of Pasquale Esposito, then owned by Bridget Carey. These delineations are practically identical with that shown in exhibit A, prepared in 1954.

The duty of maintaining and repairing this right of way is upon the owners of the right of way and not upon the defendant, who owns the property over which the right of way exists. *Earley* v. *Hall,* 89 Conn. 606, 611; *McCusker* v. *Spier,* 72 Conn. 628, 629; *Nichols* v. *Peck,* 70 Conn. 439, 441; *Jones* v. *Percival,* 5 Pick. (22 Mass.) 485, 486.

The plaintiff city of Derby has an easement for its sewer pipes along said passway underground, as shown on exhibits A and I. This is not disputed by the defendant except in so far as the answer admits that he has barred said right of way, but this does not interfere with the use of the sewer. Neither is the defendant threatening any interference with the use of said sewer. So there is no basis for an injunction upon this ground and the complaint does not ask for a declaratory judgment. However, should the defendant interfere or threaten to interfere with the use of this sewer by the city of Derby, it would seem that an injunction should then issue.

Furthermore it was not shown that the plaintiff city of Derby is authorized by its charter or otherwise to represent the public or to acquire by prescription itself any rights in said passway other than for its sewer pipes, hereinbefore referred to.

The defendant therefore is ordered and directed within sixty days to restore the grade of said passway as it was before his excavation on April 1, 1954, from Roosevelt Drive in a northerly direction along the easterly boundary of his property fifteen feet wide until it meets with the continuation of said pass-

way to Camptown as shown on exhibit A, so that it may be used for foot and vehicular traffic without a steep bank and with a slope conducive to safe passage thereon, and to remove any barrier on said passway interfering with such traffic; and it is further ordered and directed that defendant be and he is hereby enjoined under a penalty of $1000 from interfering with the rights of the plaintiffs, except the city of Derby, to use said passway for vehicular and foot passage for ingress and egress to Camptown, so-called, from Roosevelt Drive as shown on exhibit A.

Judgment may enter accordingly in favor of the plaintiffs Pietro and Virginia Bottachiari, Joseph Cavallaro, Alexander and Angeline Salemme, Anna Rambaldi and Antonina Jalowiec, together with costs to be taxed against the defendant.

Judgment may enter in favor of the defendant against the plaintiff city of Derby, without costs.