[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff brought an action against the defendants in three counts and the second count is based on a claim of easement by prescription. Basically, the plaintiff claims the right to use a certain right of way which the defendants have now fenced off so that he has no access to his garage. The defendants have filed a motion for summary judgment directed towards this second count. The court will discuss the relevant facts during its opinion.
By statute, § 47-37, and at common law, prescriptive easements have been recognized in our state. To establish such an easement, it is absolutely essential that the use be adverse.Whiting v. Gaylord, 66 Conn. 337, 344 (1895). There has to be a user "which is open, visible, continuous and uninterrupted for fifteen years and made under a claim of right." Andrzejczyk v.Advo Systems. Inc., 146 Conn. 428, 431 (1959); Westchester v.Greenwich, 227 Conn. 495, 501 (1993). "There can be no claim of right unless the use `is unaccompanied by any recognition of (the right of the servient tenement) to stop such use. A use by express or implied permission or license cannot ripen into an easement by prescription.' . . . Connecticut law refrains from extinguishing or impairing property rights by prescription unless the party claiming to have acquired an easement by prescription has met each of these stringent conditions," id., page 501. But although use must be unaccompanied by the recognition of the right to stop the use and use by permission cannot ripen into an easement by prescription, it is also true that: "Use, to give rise to a prescriptive right need not exclude the owner of the legal title from the premises." Horowitz v. F.E. Spencer Co.,132 Conn. 373, 376 (1945). The court will now discuss some of the particular aspects of this doctrine.
What is a so-called claim of right? In Zavisza v. Hastings,143 Conn. 40, 45-46 (1955), the court said: "That a claim of right was actually made and brought to the attention of the owner of the fee is not essential in order to establish that the user was made under a claim of right. Nothing more is required than a `user as of right,' that is, without recognition of the rights of the owner of the servient tenement." Also see DiSorbo v. GrandCT Page 2360Associates One Limited Partnership, 8 Conn. App. 203, 205-206
(1986). Thus, there does not have to be a "claim of ownership" as such; it is sufficient if the property is used by the possessor as his (sic) own." Horowitz v. F.E. Spencer, supra. The courts only recognize one exception to this rule: "only in a case `where the use of the right of way is in common with the public (must) the individual user . . . in order to establish an independent prescriptive right, perform some act to the knowledge of the servient owner clearly indicating his (sic) individual claim of right." Robert S. Weiss Co. v. Mullins,196 Conn. 614, 619-620 (1985); Klar Crest Realty, Inc. v. Rajon RealtyCorporation, 190 Conn. 163, 168 (1983).
The court in Horowitz, 132 Conn. at p. 376, said: "A continued open and visible use of property gives rise to a presumption that the holder of the legal title has acquiesced (in the use) particularly where he (sic) makes no objection . . . and no specific finding of acquiescence is necessary."
What is meant by "open, visible and continuous use?" Clearly, the use must be open and visible and otherwise apparent to the owner of the so-called servient tenement since the basic requirement to establish a prescriptive easement is that the use be adverse. A person's property rights cannot be compromised if the use which purports to deprive the owner of those rights is not fairly made known to the owner. Here, the plaintiff's use of the easement was open and apparent to the Bergs. More of a problem is presented by the question as to what is meant by a "continuous" use. There are no Connecticut cases that appear strictly on point. Our state seems to follow the general common law on this topic and several jurisdictions have held that to be "continuous" the use need not be daily, weekly or even monthly; one court said that "[i]n determining continuity, the nature of the easement and the land it serves as well as the character of the activity must be considered." Ward v. Harper, 360 S.E.2d 179,183 (Va., 1987). The acquirement of an easement to use a passageway does not require a continuous use every hour of the day but only that type of use which is normally exercised.Hargraves v. Wilson, 382 P.2d 736, 739 (Okla., 1963). In Feldmanv. Knapp, 250 P.2d 92, 102 (Or., 1952), the court held that to establish an easement of use across another's land "it is not necessary to show such use on each day throughout the period. It is necessary only to show that the claimant made such reasonable use of the way as his (sic) needs required." Cf. DeShields, etal. v. Joest, et al., 34 N.E.2d 168, 170 (Ind., 1941). In CraneCT Page 2361v. Crane, 683 P.2d 1062 (Ut., 1984), cattle were driven across the defendant's lane each spring and fall. The court held that "a use need not be `regular' or `constant' in order to be `continuous.' All that is necessary is that the use be as often as required by the nature of the use and the needs of the claimant." Id., page 1064.
These foregoing principles are the basic legal requirements necessary to establish a prescriptive easement. The court will now discuss the facts presented by the parties in regards to this motion. The basis of the defendant's motion for summary judgment is set forth in the affidavit of Arnold Berg. He claims to be the owner of a right of way. Attached to the motion by the defendants is a deed conveying property to Mr. Berg and his wife in 1947. The deed refers to the main portion of the property but also the strip of land that is the subject of this suit — it conveys to the Bergs the right to use for all purpose a certain "strip of land" which is then described and which is said to border the southerly boundary of the main portion of the property conveyed to the Bergs.
The affidavit itself appears to raise two separate sets of facts which the defendants rely on to support their claim. First, the defendant states he built the right of way in 1946 and has maintained it since that date. In 1954-1956 he applied asphalt and in 1960 he applied blacktop. He has applied blacktop every year from 1963 to the date of this suit and each time he did so he would close the right to everyone who otherwise used it including the plaintiff. No one could use the right of way until he gave them permission to do so and he would block the right of way so as to prevent its use. This was necessary so that the blacktop could dry properly. Twenty of the 25 times since 1971 that he applied blacktop the right of way was kept closed for a full 24 hours to driving. Apparently it was never closed for less than 12 hours on the yearly occasions when the right of way was closed for blacktopping. Mr. Berg also states that his efforts to close the right of way each year were successful and in particular for the time period mentioned prevented the plaintiff from accessing the plaintiff's saltbox garage.
The second set of facts that from the basis of the defendant's claims on this motion involve assertions by Mr. Berg that, even apart from the times when he blocked the right of way for blacktopping, there have been "numerous occasions where the plaintiff ceased use of the right of way for weeks at a time." CT Page 2362 When the plaintiff was picked up for work he wouldn't use the right of way. One paragraph (45) is somewhat confusing in that it seems to contradict the broad assertion that the plaintiff did not use the right of way for weeks at a time by stating the plaintiff would "go days at times without using the right of way." But the basic point is made that the plaintiff's use of the right of way was not "continuous" (paragraph 44) whether there were interruptions of use for either days or weeks.
The plaintiff submitted a counter affidavit. In it he states he acquired his land in 1971 and it abuts the strip of land which is the subject of this suit and referred to as Darvalen Terrace. He does not dispute the fact that Mr. Berg "on occasion" closed the right of way for maintenance purposes. The plaintiff says he used the right of way "to access his property" since he bought the land and whenever any maintenance work was done would continue afterward to use the right of way. The plaintiff says he has never received written notice that the Bergs were contesting the ruse of the right of way and nothing to this effect appears in the land records.
The affidavit goes on to state that until 1992 he did not know who owned the right of way and from 1971 to 1978 did not know if any such unknown owner could prevent his use of it. In 1978 he entered into an agreement with abutting land owners who also used the right of way, the Bergs being one of these parties. According to the affidavit, the agreement defined everyone's right to use the right of way in the sense that each abutting land owner would have an easement with respect to that part of their prospective property that abutted the right of way. Since 1978, the plaintiff asserts that because of that agreement he believed the owner of the right of way could not prevent his use of it to access his property.
Until 1995, the Bergs, according to the plaintiff, did not prevent his use of the right of way. In that year they erected a fence which prevented him from accessing his property.
The plaintiff asserts that the defendants acquired title to the right of way in 1992. The 1947 deed to the Bergs only conveyed use of the right of way not actual title to it. The defendants by means of Berg's affidavit do not contest the assertion that the Bergs only acquired title to the right of way in 1992. Also, from the deeds attached to the defendants' motion, neither the plaintiff nor his predecessor in interest CT Page 2363 were deeded any right to use the easement.
1.
Regarding the claim that the plaintiff has not used the right of way on a continuous basis, it is very difficult for the court to evaluate this claim in light of the previously discussed case law. The affidavits of the parties do not focus the issue. As the cases indicate, the continuity of use requirement depends on the actual use of the right of way in light of the actual needs of the person asserting the easement — in light of those needs was the use reasonable? DeShields et al. v. Joest etal., supra. The use must be as often as is required by the nature of the use and the needs of the claimant to use the easement. Crane v. Crane, supra. The nature of the easement and the land it serves must be taken into account. Ward v. Harper, supra. As several of the cases previously discussed indicate, these are the factors which determine reasonable continuity of use for the purposes of establishing an easement — daily or weekly use is not a per se requirement.
The problem here is that the court has no idea of the nature of the use involved. Apparently the plaintiff was deprived of access to a garage but in his own affidavit he makes broad allegations of using the right of way to access his property. He never indicates the actual frequency of the use of the easement in terms of days used or weeks. Without knowing exactly what the easement gave access to and the purpose of the access, how can the court under the case law determine reasonable continuity of use? The Bergs, on the other hand, through Mr. Berg's affidavit make claims that on the one hand the plaintiff has not used the right of way "for weeks at a time" but then it is asserted he did not use the right of way for days at times. Which exactly is it? Merely because a right of way is not used for days cannot, ipso facto, defeat a prescriptive easement claim and the cases so hold as indicated. On the basis of the record presented, the court cannot decide this issue in the defendants' favor but does not conclude as a matter of law that sufficient continuity has been shown to establish that necessary element of a prescriptive easement claim. The issue must be developed at trial.
2.
The other major contention raised by the defendants is based on their assertion, which is uncontested, that every year the CT Page 2364 right of way was blocked off by Mr. Berg for the purpose of maintenance and to apply black top. The court, at least, is confused by the thrust of this claim. If the Bergs did not acquire legal title to the right of way until 1992 on what basis and in whose interest did they block the right of way to maintain it every year up until the time they in fact acquired title? The 1947 deed gave the Bergs the right to use the easement but it did not on it face give them "exclusive" use of the right of way as opposed to other users. The 1978 agreement between Edward Wypchoski, the Bergs and the plaintiff and his former wife is inconsistent with any claim of ownership or exclusive use of the right of way by the Bergs. Also if the plaintiff had to secure the permission of the Bergs to use the right of way — which would defeat a claim of prescriptive easement — why is the 1978 agreement drawn up and entered into as an agreement mutually entered into by all the parties, each recognizing the respective rights of other parties to the agreement to use the right of way? The 1978 agreement itself does not read as a document whereby the Bergs were giving special permission to the plaintiff to use the right of way, cf Hutchinson v. Worley, 154 N.E.2d 389, 393 (Ind. 1958). The defendants characterizations of the 1978 agreement and why the plaintiff wished to enter into it are not supported by affidavit or other documentation but seem to represent the argument and inferences of counsel.
Leaving these just mentioned matters aside, the Bergs seemingly rely on the view that any unambiguous act by Mr. Berg even as just a user of the easement which evinced an intention by him to exclude others from uninterrupted use of the right of way breaks its continuity so as to prevent an acquisition of an easement by prescription, cf Red Star Yeast Products Co. v.Merchandising Corp. , 90 N.W.2d 777, 781 (Wis, 1958).
The fact that the Bergs were not owners of the easement until 1992 would not necessarily defeat their claim that their act of blocking off the road every year prevented the establishment of the continuous use element by the plaintiff to create a prescriptive easement. Such use can apparently be interrupted even by a third party, cf Swift v. Kniffen,706 P.2d 296, 303 (Alaska, 1985).
On the other hand mere closing of the easement once a year for 24 hours cannot be said to be a situation where the use has been "habitually broken and interrupted" or one where the use was being continuously protested, George v. Crosno, 254 S.W.2d 30, 35
CT Page 2365 (Mo, 1952). Such an interruption as occurred here was accomplished merely for the convenience of the Bergs own use of the road and does not belie the fact that immediately after the road was closed for twenty four hours, the plaintiff resumed her use, cf South Norwalk Lodge v. Falco Hats Inc., 140 Conn. 370,373 (1950). Also see Hodgkins v. Bianchini, 80 N.E.2d 464 (Mass, 1948) erection of gates for greater convenience of operations and not as a barrier to passage will not defeat a claim to a prescriptive easement, cf Red Star Yeast Product Co. v.Merchandising Co., supra at 90 N.W.2d p. 782 (fact that trucks blocked use on occasion and request had to be made to move them will not defeat claim for prescriptive easement).
In any event based on this record the court cannot find that the actions of Berg in closing the right of way for maintenance in and of itself defeats the prescriptive easement claim of the plaintiff.[1]
3.
There is another factor in this case that should be considered although not explicitly raised by the parties. It is an uncontested fact that as Mr. Berg claims in his affidavit he first built the right of way over fifty years ago.
It has been said where a prescriptive easement has been claimed against an actual owner of the land on which the easement lies that: "Where a person opens a way for the use of his own premises, and another person uses it, also without causing damage, the presumption is, in the absence of evidence to the contrary that such use by the latter was permissive and not under a claim of right", Harkness v. Woodmansee, 26 P291, 293 (Vt., 1891) Simmons v. Perkins, 118 P.2d 740, 744 (Id, 1941) Chen v.Conway, 829 P.2d 1355, 1359 (Id, 1991). The Bergs built this roadway which is the subject of the easement and in fact kept up the maintenance of it. According to the record Mr. Berg did this work at his own expense and on his own time; there is no evidence any other user such as the plaintiff helped Mr. Berg or contributed monetarily to his efforts, cf Feldman v. Knapp,250 P.2d 92, 102 (Or, 1952). And it is also true that where the owner is on friendly terms with the users of the easement and allows them to use the right of way as a matter of neighborly accommodation a prescriptive easement cannot be found, see Tackev. Wynici, 853 P.2d 97, 91 (Mont, 1993) cf, Pittsburgh Lake ErieR. Co. v. Township of Stowe, 96 A.2d 892, 894 (Pa, 1953) In this CT Page 2366 confusing area there seems, however, to be an exception even to this rule — where the owner who has opened a right of way he or she cannot rely on the just mentioned rule if the owner uses only a portion of the right of way and not its entirety and the claimant of the prescriptive easement uses part of the right of way not regularly used by the owner, Zollinger v. Frank,175 P.2d 714, 716 (Vt, 1946), cf Chen v. Conway, supra at 829 P.2d page 1359.
The background behind the confusing rules in this area including the one now being discussed seems to be that courts recognize the rights of owners of the land must be respected and a person desiring to establish a prescriptive easement has the burden of doing so but on the other hand the common law courts; want to encourage the use of and development of land. Thus, for example, even if an owner built or maintained a right of way initially, if the party claiming a prescriptive easement used it continually, openly and adversely as those terms have been defined the easement is established if, as just noted, the owner did not use the entire right of way.
There are several difficulties presented by this record in applying the just discussed rule of presumed permissive use when the landowner builds the right of way or evaluating whether the exception to this rule applies. For one thing Mr. Berg built this right of way and for many years maintained it when he was not the actual owner of the easement but was just exercising his right under his 1947 deed to use the easement. Query what rights would that give the Bergs to bar the prescriptive use of others even if the Bergs built and maintained the right of way for their use? But even if this consideration is legally irrelevant and the presumption of permissive use is applicable, the court must consider the exception and the record does not make clear, to the court at least, whether for example, the Bergs made full use of the entire right of way. If they did not, they cannot rely on the presumption that the plaintiff's use was permissive merely because Mr. Berg initially built and maintained the road.
4.
In fact, what really seems to be involved here is that before the Bergs actually gained title to the strip of land now in dispute, they made concurrent use of the right of way with the plaintiff and other land owners bordering the right of way up to the point when the Bergs acquired title. If that is so, the fact CT Page 2367 that an easement is "shared" does not defeat a claim of prescriptive easement by the plaintiff because "it would not be expected that an easement holder would object to traffic on or use of that part of a roadway which did not interfere with its (sic) (the easement holder's use)" McGill v. Wall 839 P.2d 393,398 (Alaska, 1992), Shultz v. Department of Army, 10 F.3d 649, 661
(CA 9, 1993). There is no indication that this roadway was open to the public so that "when each landowner asserts his (sic) own right, independent of all others, to use the right of way, and no rights are dependent `upon the common enjoyment of similar rights by others' prescriptive rights may arise. . . . This is because when each user independently asserts his (sic) right of way to enjoy the right of way for himself (sic) `such use is exclusive even though others assert similar rights for themselves'", Pettisv. Keeling 352 S.E.2d 321, 324 (Va, 1987) cf reasoning of Klein v.Derosa 137 Conn. 586, 590-591 (1951) defining concept of "exclusive" use.
What we have here then is the Bergs using the easement pursuant to what appears to be a permissive use in their 1947 deed, granted right after or at the time the right of way was first built, and later use of the right of way by other users who did not, from anything appearing before the court, explicitly seek the permission of the Bergs to use the right of way either before or after the Bergs actually acquired title. Even though the Bergs maintained the road and to do so closed it off yearly for a 24 hour period the court cannot say that these factors alone would defeat the plaintiff's prescriptive easement claim.
Leaving aside the complicating factor as to when the Bergs actually acquired title to the right of way and the legal complications the that adds to the case the following remarks set forth in DiSorbo v. Grand Associates One Limited Partnership,8 Conn. App. 203, 206 (1986) seem appropriate:
 "Where as here, there is neither proof of express permission of the land owner, nor proof of an express claim of right by the person using the right of way, the character of the use, whether adverse or permissive, is to be determined as an inference from the circumstances of the parties and the nature and character of the use . . .'Whether the requirements for such a right have been met in a particular case presents a question of CT Page 2368 fact for the trier of fact.'"
Given the competing considerations presented by this record the court concludes that this matter is not appropriately resolved by means of a motion for summary judgment.
CORRADINO, J.